IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MT ESTATE REALTY LLC d/b/a BUSH HOUSE HOTEL, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No.: 19-cv-5687 |
| | : | |
| CHUBB CUSTOM INSURANCE COMPANY, | : | |
| Defendant. | : | |

**MEMORANDUM**

**SITARSKI, M.J.**                                                                                                     **March 18, 2021**

Presently pending before the Court is Plaintiff's Motion to Compel Discovery (ECF No. 28) and Defendant's response thereto (ECF No. 30).[1] For the reasons that follow, Plaintiff's motion is **DENIED**.

I.  **FACTUAL AND PROCEDURAL HISTORY**

On April 26, 2018, a fire occurred at Plaintiff's hotel. (Compl., ECF No. 1-1, at ¶ 4). Defendant, Plaintiff's insurer, hired Edward Pettit, a forensic accountant, to assist with the adjustment of Plaintiff's claim. (Mot. to Compel, ECF No. 28, at ¶ 1). During the adjustment process, Pettit created a report for loss of business income through August 2018, another through December 2018 and three through March 2019. (*Id.* at ¶¶ 6-8). Defendant later retained Pettit as an expert witness. (Resp. to Mot. to Compel, ECF No. 30, at ¶ 1).

On December 2, 2020, Plaintiff deposed Pettit as a fact witness. (Mot. to Compel, ECF No. 28, at ¶ 3, Ex. A). Pettit testified that he prepared three reports through March 2019 at

---

[1] The Honorable Nitza I. Quiñones Alejandro referred the matter to me for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (Order, ECF No. 29).

Defendant's request[2] and, further, that he stated his beliefs to Defendant, via its adjuster, as to the reliability of the reports.  (*Id.* at ¶¶ 10-11; Resp. to Mot. to Compel, ECF No. 30, at ¶ 11). Plaintiff's counsel questioned Pettit as to what he had stated to Defendant, but Defendant's counsel objected that the question improperly sought expert opinion.  (Mot. to Compel, ECF No. 28, at ¶ 12).

On December 4, 2020, Plaintiff filed the instant motion seeking to compel Pettit to return for his deposition to answer questions about what he had stated to Defendant regarding the reliability of the three reports.[3]  (*Id.* at 5).  On December 11, 2020, Defendant filed a response opposing Plaintiff's motion.  (Resp. to Mot. to Compel, ECF No. 30).

II.   **LEGAL STANDARD**

"It is well established that the scope and conduct of discovery are within the sound discretion of the trial court."  *Marroquin–Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). Pursuant to Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  FED. R. CIV. P. 26(b)(1).  Rule 37 authorizes a party who has received evasive or incomplete answers to discovery requests to move for an order compelling discovery.  *See* FED. R. CIV. P. 37(a)(1), (4). The moving party bears the initial burden of showing that the requested discovery is relevant.

---

[2] Defendant denies that Pettit provided the reports at its request and instead claims that he prepared them using methodology requested by Plaintiff's public adjuster with Defendant's knowledge and consent.  (Def.'s Resp., ECF No. 30, at ¶ 10).

[3] Plaintiff also moves to compel Defendant to produce unredacted emails between Pettit and Defendant and the lost business income report using both Plaintiff's 2016 and 2017 tax returns. (Mot. to Compel, ECF No. 28, at ¶¶ 23-24).  Defendant responds that it has produced these documents but that it will produce the report again.  (Resp. to Mot. to Compel, ECF No. 30, at ¶¶ 23-24).

*Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001).  The burden then shifts to the party opposing discovery to articulate why discovery should be withheld.  *Id.*

### III.  DISCUSSION

Plaintiff argues that he seeks "factual information of what was told to Defendant during the course of the adjustment of this claim, prior to litigation, as it is factually significant to the conduct of Defendant, the ultimate decisions made by Defendant, and the reasonableness of those decisions."  (Mot. to Compel, ECF No. 28, at ¶ 14).  He contends that an insured may discover a forensic accountant's prelitigation statements to the insurer and that the statements do not become protected because the insurer later names the accountant as an expert.  (*Id.* at ¶¶ 15, 21-22).  Defendant responds that Plaintiff seeks Pettit's professional opinion regarding the reliability of the information Plaintiff provided, in violation of the parties' agreement to conduct a fact deposition only.  (Resp. to Mot. to Compel, ECF No. 30, at ¶ 14).  It claims that Plaintiff must obtain such information in expert, not fact, discovery.  (*Id.* at ¶¶ 14-15).

The parties each cite Federal Rule of Civil Procedure 26 but no other authority in support of their respective positions.  Plaintiff quotes Rule 26(b)(1) setting forth the broad scope of discovery in federal court.  (Mot. to Compel, ECF No. 28, at ¶ 20 (quoting FED. R. CIV. P. 26(b)(1))).  Defendant quotes Rule 26(b)(4)(A) requiring that a party may depose a witness retained to provide expert testimony only after the expert provides his or her report.  (Resp. to Mot. to Compel, ECF No. 30, at ¶ 2 (quoting FED. R. CIV. P. 26(b)(4)(A))).

I find instructive the court's decision in *Northrop Grumman Corp. v. Factory Mutual Insurance Co.*, No. CV 05-8444-DDP, 2011 WL 13123635 (C.D. Cal. Aug. 8, 2011).  In that case, the insured sought to depose as fact witnesses four consultants who provided the insurance company's adjustors with claims handling support.  *Id.* at *2.  The parties disputed whether the

3

consultants were fact or expert witnesses, which the parties had not yet designated. *Id.* The insured contended that the consultants had "been involved in the adjustment of plaintiff's claim for many years, that claims adjustment is a proper subject of fact discovery, and that outside consultants who assist in claims adjustment can be deposed as fact witnesses." *Id.* The insurance company denied that the consultants had participated in claims adjustment and asserted that the insured was "really attempting to take the depositions of plaintiff's experts twice, once during fact discovery and once during expert discovery . . . ." *Id.* It offered to make the consultants available for deposition after expert disclosures, but not during fact discovery. *Id.*

The court concluded that the insured could depose the consultants "as to facts they have gathered during their investigation of the case." *Id.* (citations omitted). The court stressed that although the insured could depose the consultants during fact discovery, the depositions were "**limited to facts only**." *Id.* at *3 (emphasis in original). Discovery of "[t]he deponents' opinions, thoughts and mental impressions" was expressly disallowed. *Id.* at *2 n.3. Discovery of this information would have to await their designation as experts and the production of their expert reports. *See id.* at *2 (citing FED. R. CIV. P. 26(b)(4)(A)).

Here, Plaintiff also seeks "opinions, thoughts and mental impressions" beyond the scope of a fact deposition. *See id.* at *2 n.3. Specifically, Plaintiff's counsel asked Pettit at his deposition which lost business income report he told Defendant that "he believed should be relied upon." (Mot. to Compel, ECF No. 28, at ¶ 11). Plaintiff seeks to characterize such information as mere factual statements from one assisting with claims adjustment to an insurance company, but I disagree. (*See id.* at ¶ 14). This line of inquiry would require Pettit to provide a professional opinion beyond simply communicating facts discovered in the process of the claim adjustment. He would have to use his expertise in this area to evaluate the reliability of competing reports and select the one that, in his expert review, best reflects Plaintiff's lost

business income through March 2019. Such opinion testimony is not discoverable until Pettit produces his expert report in this matter. *See* FED. R. CIV. P. 26(b)(4)(A). Plaintiff cannot compel him to divulge it during fact discovery.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion to Compel Discovery.

BY THE COURT:

 /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge